**CORRECTED OPINION**

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                               No. 99-4324

TERRENCE JARMINE DAVENPORT,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-125-3)

Submitted: April 13, 2000

Decided: July 20, 2000

Corrected Opinion Filed: July 27, 2000

Before WIDENER and WILKINS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles L. Morgan, Jr., Charlotte, North Carolina, for Appellant.
Timika Shafeek, Assistant United States Attorney, Charlotte, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Terrence Jarmine Davenport appeals his jury conviction and sentence on a charge of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C.A. § 846 (West Supp. 1999). Davenport's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming three errors, but concluding that there are no meritorious grounds for appeal. Davenport was notified of his right to file an additional brief, which he ultimately did after this court granted his motion for additional time to do so. In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal.

Davenport first claims that the trial court erred in denying his motion to suppress on the ground that the co-conspirators who testified against him did so in exchange for leniency of their sentences. Davenport's contention regarding 18 U.S.C. § 201(c)(2) (1994), has been definitively rejected by this court and is without merit. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999) (No. 98-4139), cert. denied, 120 S. Ct. 837 (2000); United States v. Feurtado, 191 F.3d 420, 425 (4th Cir. 1999).

Next, Davenport claims that the district court erred in overruling two defense objections during trial. Because we find no abuse of discretion in the district court's rulings, we reject this claim. See United States v. Lancaster, 78 F.3d 888, 896 (4th Cir. 1996).

Davenport further alleges, by counsel, that the district court erred in denying his motion for judgment of acquittal. When assessing the sufficiency of the evidence of a criminal conviction on direct review, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support

2

it." See Glasser v. United States, 315 U.S. 60, 80 (1942). Given the plethora of evidence against Davenport, and viewed in the light most favorable to the Government, we find that a reasonable fact finder could have found Davenport guilty as charged, and therefore, find proper the district court's denial of Davenport's motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

In his supplemental pro se briefs, Davenport challenges the credibility of the prosecution's trial witnesses, claiming that they perjured themselves, and claiming prosecutorial misconduct for allowing the perjury. Our review of the record reveals that Davenport's attorney did a capable job of cross-examining the prosecution's witnesses, and that the prosecutor's conduct was not such that it deprived Davenport of a fair trial. See United States v. Brockington, 849 F.2d 872, 875 (4th Cir. 1988). Moreover, this court will not review the credibility of witnesses. See e.g., United States v. Burgos, 94 F.3d 964, 973 (4th Cir. 1996) (en banc).

Accordingly, we affirm Davenport's conviction and sentence. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3